IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEMETRIUS MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-056 |
| | ) | |
| ANDREW MCFARLENE, Warden; | ) | |
| ARLENE HUNT, Unit Manager; LT. | ) | |
| CHAMBERS; SGT. WRIGHT; MR. | ) | |
| RICKEY WILCOX; MS. BEVERLY | ) | |
| MURRAY; CHIEF COUNSELOR | ) | |
| JOHNSON; MS. YA-KENDAL | ) | |
| WOODARD; MR. JIMMY KELLOM; | ) | |
| MR. DARRELL WOOTEN; MS. TAJUANA | ) | |
| AJEROH; ADREAN ELLSWICK; | ) | |
| SERGEANT RODNEY TUCKER; MR. | ) | |
| KENDRIC JACKSON; and KATHY HILL, | ) | |
| Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, has submitted to the Court for filing a third amended complaint brought pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's third amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    SCREENING THE THIRD AMENDED COMPLAINT

A.    BACKGROUND

In his third amended complaint, Plaintiff names Defendants Warden Andrew McFarlene and Counselor Kathy Hill.  (Doc. no. 50, pp. 1-2.)  The prior complaint named the following defendants who are omitted from the amended complaint:  (1) Arlene Hunt, Unit Manager, (2) Lt. Chambers, (3) Sgt. Wright, (4) Mr. Rickey Wilcox, (5) Ms. Beverly Murray, (6) Chief Counselor Johnson, (7) Ms. Ya-Kendal Woodard, (8) Mr. Jimmy Kellom, (9) Mr. Darrell Wooten, (10) Ms. Tajuana Ajeroh, (11) Adrean Ellswick, (12) Sergeant Rodney Tucker, and (13) Mr. Kendric Jackson.  (Compare doc. no. 11, with doc. no. 50.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff filed his original complaint in the above-captioned case on August 9, 2024, while incarcerated at TSP.  (See doc. no. 1.)  The Court granted Plaintiff leave to proceed IFP, subject to compliance with several conditions including payment of an initial partial filing fee.  (Doc. no. 9, pp. 2-4; see also doc. no. 17.)  Though Plaintiff had sufficient funds in his account, Plaintiff missed the Court's deadline to pay the initial partial filing fee because TSP officials failed to timely send the funds.  (Doc. no. 50, p. 7.)  On November 1, 2024, the Court entered an Order informing Plaintiff of his failure to timely pay the partial filing fee and extending the deadline to pay by fourteen days.  (Doc. no. 35, pp. 1-2.)  The Court received Plaintiff's initial partial filing fee on November 4, 2024.  (See dkt. entry dated 11/04/2024.)

On November 8, 2024, Plaintiff received the Court's November 1st Order.  (Doc. no. 50, p. 5.)  At that time, Plaintiff had two pending grievances against Defendant McFarlene.

(Doc. no. 50, p. 5.)    Upon receiving the Court's Order, Plaintiff filed an emergency grievance, claiming significant injury because TSP officials failed to transmit the initial partial filing fee by the Court's original deadline.  (Id.; see also doc. no. 17.)  Defendant Kathy Hill, Plaintiff's assigned counselor, signed Plaintiff's emergency grievance on November 13, 2024.  (Id.)  Two days later, Ms. Hill informed Plaintiff he was required to drop one of his two prior grievances if he wanted to proceed with the emergency grievance, which was inconsistent with Georgia Department of Corrections policy.[1]  (Id. at 4-5.)

Plaintiff claims he was injured because TSP officials caused him to miss the Court's original deadline to pay the initial partial filing fee, which restricted his ability to access the courts, and seeks monetary damages for relief.  (Doc. no. 50, pp. 3-5.)

B.    DISCUSSION

1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl.

---

[1] According to Plaintiff, the grievance policy provides, "you can only have two active grievances

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Hunt, Chambers, Wright, Wilcox, Murray, Johnson, Woodard, Kellom, Wooten, Ajeroh, Ellswick, Tucker, and Jackson

Plaintiff fails to state a claim against Defendants Hunt, Chambers, Wright, Wilcox, Murray, Johnson, Woodard, Kellom, Wooten, Ajeroh, Ellswick, Tucker, and Jackson. The third

---

at a time, unless one of your grievances is an emergency grievance." (Doc. no. 5, p. 8.)

amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  While Plaintiff names Defendants Hunt, Chambers, Wright, Wilcox, Murray, Johnson, Woodard, Kellom, Wooten, Ajeroh, Ellswick, Tucker, and Jackson in the second amended complaint, he does not name them in the caption or any portion of his third amended complaint.  Plaintiff therefore does not connect any of these Defendants with a purported constitutional violation.  Dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Accordingly, Defendants Hunt, Chambers, Wright, Wilcox, Murray, Johnson, Woodard, Kellom, Wooten, Ajeroh, Ellswick, Tucker, and Jackson should be dismissed.

### 2.    Plaintiff Fails to State a Valid Access to the Courts Claim

To state a viable denial of access to the courts claim, a plaintiff must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998)); see also Lewis v. Casey, 518 U.S. 343, 351 (1996) ("[M]eaningful access to the courts is the touchstone. . . ." (quoting Bounds v. Smith, 430 U.S. 817, 97 (1977))).  A missed filing deadline may serve as the basis for an access to the courts claim, Wilson, 163

F.3d at 1290 n.10, but the plaintiff must still demonstrate the requisite deterrence, such as denial or dismissal of a case, resulting from the defendant's actions.

Here, Plaintiff fails to demonstrate the requisite actual injury to state a viable claim of denial of access to the courts. Although Plaintiff missed the original deadline established by the Court to pay his initial partial filing fee, the Court *sua sponte* extended the deadline by fourteen days, (see doc. no. 35, pp. 1-2), and the filing fee was paid just three days later, (see dkt. entry dated 11/4/2024). Accordingly, Plaintiff suffered, at most, a three-day delay in the progression of his case, and no portion of his case was subject to dismissal due to Defendants' actions. It is clear from Plaintiff's continued litigation of this case that he was not hindered by the missed fee payment deadline, as he continued to communicate with the Court, the Court continued to address his various filings, and his case has now proceeded to screening. (See doc. nos. 37-52.) Accordingly, Plaintiff fails to state a valid access to the courts claim against Defendants McFarlene and Hill.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's third amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA